Case No. ___

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

———————————

NATIONSTAR MORTGAGE, LLC,

Defendant-Petitioner,

v.

TIMOTHY KELLY, On behalf of himself and all others similarly situated,

Plaintiffs-Respondents.

———————————

On Appeal from the United States District Court for the
Eastern District of Virginia, Richmond Division, No. 3:13cv311

———————————

## DEFENDANT'S PETITION FOR LEAVE TO APPEAL CLASS
## CERTIFICATION ORDER PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 23(f)

———————————

John C. Lynch
Jason E. Manning
Megan E. Burns
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
*Counsel for Defendant-Petitioner Nationstar Mortgage, LLC*

April 16, 2014

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................iv

INTRODUCTION.................................................................................1

STATEMENT OF FACTS....................................................................3

QUESTIONS PRESENTED .................................................................5

REASONS FOR GRANTING THE PETITION ...................................6

I.  THE DISTRICT COURT ERRED IN HOLDING THAT
    MATERIALITY DOES NOT APPLY TO CLAIMS OF
    CONFUSION UNDER SECTION 1692g(a)(1) AND, BASED
    ON THAT HOLDING, CERTIFYING THE CLASS. ............................6

    A.  Claims that Affirmative Statements Contained in the
        FDCPA Letter Rendered the Disclosure Confusing Must
        be Assessed Under a Materiality Standard......................................6

        1.  In this Circuit, a materiality standard applies Section
            1692e claims alleging affirmative misrepresentations. ..............7

        2.  This case does not involve the simple omission of a
            disclosure required by Section 1692g.......................................7

        3.  Because Plaintiff asserts a Section 1692g confusion
            claim based on affirmative statements in the FDCPA
            Letter, a materiality standard applies.......................................8

        4.  The Seventh and Tenth Circuits have adopted a
            materiality standard for confusion claims under
            Section 1692g............................................................................10

    B.  The Need to Determine the Materiality of the Various
        Discrepancies Involved Forecloses Certification of the
        Class................................................................................................12

II.  REGARDLESS OF WHETHER MATERIALITY APPLIES,
     PLAINTIFF'S CLAIM IS NOT APPROPRIATE FOR CLASS
     CERTIFICATION................................................................................13

## TABLE OF CONTENTS
### (continued)

Page

A. **Individual Issues Predominate.**.........................................................**13**

    1.    Confusion may be a question of law or fact depending on the content of a letter at issue..............................................13

    2.    The Court will be required to examine each class member's letter to determine whether it violates the FDCPA...................................................................................15

B. **Plaintiff Fails to Meet the Commonality Requirement.**................**16**

C. **Plaintiff Is Not a Typical Representative of the Class.**..................**18**

D. **A Class Action Is Not the Superior Method of Adjudication**........................................................................................**19**

**CONCLUSION**.......................................................................................**20**

**CERTIFICATE OF SERVICE** .............................................................**22**

**ADDENDUM**

District Court Order Granting Class Certification,
*Kelly v. Nationstar Mortgage, LLC,*
No. 3:13cv311 (E.D. Va. Apr. 2, 2014).......................................Exhibit A

District Court Order Granting Stay of Litigation,
*Kelly v. Nationstar Mortgage, LLC,*
No. 3:13cv311 (E.D. Va. Apr. 2, 2014)....................................... Exhibit B

Hearing Transcript on Plaintiff's Motion for Class Certification,
*Kelly v. Nationstar Mortgage, LLC,*
No. 3:13cv311 (E.D. Va. Apr. 2, 2014)....................................... Exhibit C

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997) ............................13

*Beasley v. Sessoms & Rogers, P.A.*,
 No. 5:09cv43, 2010 U.S. Dist. LEXIS 52010 (E.D.N.C. March 1, 2010) ..........9

*Beattie v. D.M. Collections, Inc.*,
 754 F. Supp. 383 (D. Del. 1991).........................................................................11

*Burton v. Chrysler Group LLC*,
 No. 8:10-209, 2012 U.S. Dist. LEXIS 186720 (D.S.C. Dec. 21, 2012)............20

*D'Avanzo v. Global Credit & Collection Corp.*,
 2011 U.S. Dist. LEXIS 63823 (D. Colo. Apr. 18, 2011) ..................................11

*Deiter v. Microsoft Corp.*,
 436 F.3d 461 (4th Cir. 2006) ..............................................................................18

*Durkin v. Equifax Check Svcs., Inc.*,
 406 F.3d 410 (7th Cir. 2005) ................................................................................9

*Donohue v. Quick Collect, Inc.*,
 592 F.3d 1027 (9th Cir. 2010) ..............................................................................7

*Ealy v. Pinkerton Gov't Servs.*,
 514 Fed. Appx. 299 (4th Cir. 2013)...............................................................16, 17

*Evory v. RJM Acquisitions Funding L.L.C.*,
 505 F.3d 769 (7th Cir. 2007) ..............................................................................14

*Fed. Home Loan Mortg. Corp. v. Lamar*,
 503 F.3d 504 (6th Cir. 2007) ..........................................................................9, 10

*Gariety v. Grant Thornton, LLP*,
 368 F.3d 356 (4th Cir. 2004) ..............................................................................13

*Hahn v. Triumph P'ships LLC*,
 557 F.3d 755 (7th Cir. 2009) ................................................................................7

iv

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Jancik v. Cavalry Portfolio Servs, LLC*,
No. 06cv3104, 2007 U.S. Dist. LEXIS 49500 (D. Minn. July 3, 2007) ...........16

*Johnson v. Revenue Mgmt. Corp.*,
169 F.3d 1057 (7th Cir. 1999) ...........................................................................15

*Jones v. Roy*,
202 F.R.D. 658 (M.D. Ala. 2001), *mot. for reconsideration denied*, 2001
U.S. Dist. LEXIS 8613 (M.D. Ala. May 16, 2001)...........................................19

*Lembach v. Bierman*,
528 Fed. Appx. 297 (4th Cir. 2013)......................................................2, 7, 8, 10

*Lienhart v. Dryvit Sys.*,
255 F.3d 138 (4th Cir. 2001) ...................................................................1, 2, 16

*Maynard v. Bryan W. Cannon, P.C.*,
401 Fed. Appx. 389 (10th Cir. 2010)................................................................11

*McMillan v. Collection Professionals, Inc.*,
455 F.3d 754 (7th Cir. 2006) ............................................................................10

*Miller v. Javitch, Block & Rathbone*,
561 F.3d 588, 596 (6th Cir. 2009) ......................................................................7

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*,
214 F.3d 872 (7th Cir. 2000) ............................................................................15

*Miller v. Payco-General American Credits, Inc.*,
943 F.2d 482 (4th Cir. 1991) .....................................................................passim

*Morris v. Wachovia Sec., Inc.*,
223 F.R.D. 284 (E.D. Va. 2004).......................................................................12

*Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc.*,
339 F.3d 1001 (8th Cir. 2003) ..........................................................................15

*Sprague v. Gen. Motors Corp.*,
133 F.3d 388 (6th Cir. 1998) ............................................................................18

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Stott v. Haworth*,
916 F.2d 134 (4th Cir. 1990) ..............................................................13

*Tourgeman v. Collins Fin. Servs.*,
2011 U.S. Dist. LEXIS 81070 (S.D. Cal. July 26, 2011) ....................12

*Turner v. Shenandoah Legal Group, P.C.*,
No. 3:06cv45, 2006 U.S. Dist. LEXIS 39341 (E.D. Va. 2006).........14

*United States v. National Fin. Servs.*,
98 F.3d 131 (4th Cir. 1996) ..........................................................14, 15

*Vitullo v. Mancini*,
684 F. Supp. 2d 747 (E.D. Va. 2010) ..................................................7

*Walmart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011)................................................................16, 17

*Warren v. Sessoms & Rogers, P.A.*,
676 F.3d 365 (4th Cir. 2012) ....................................................7, 8, 9

**STATUTES**

15 U.S.C. § 1692g(a)(1).....................................................................passim

**FEDERAL RULES**

Fed. R. Civ. P. 23 ...................................................................................3

Fed. R. Civ. P. 23(a)........................................................................13, 18

Fed. R. Civ. P. 23(a)(2)....................................................................16, 17

Fed. R. Civ. P. 23(a)(3)............................................................................18

Fed. R. Civ. P. 23(b)(3)......................................................13, 16, 17, 20

Fed. R. Civ. P. 23(f)..........................................................................1, 20

## INTRODUCTION

Plaintiff Timothy Kelly ("Plaintiff") alleges that Nationstar Mortgage, LLC ("Nationstar") violated 15 U.S.C. § 1692g(a)(1) of the Fair Debt Collection Practices Act ("FDCPA") by sending him a letter ("FDCPA Letter") that failed to effectively disclose "the amount of the debt."  Plaintiff concedes that the FDCPA Letter accurately disclosed the total amount due.  Nonetheless, Plaintiff claims a violation of the statute because Nationstar added a courtesy breakdown including some of the debt components, concededly not required under the FDCPA, the sum of which did not equal the listed total.  Plaintiff sought to certify a class of approximately eight hundred Virginia borrowers who received FDCPA Letters with discrepancies between the separately listed total amount of the debt and the sums included in the courtesy breakdown.  The amount of the discrepancy in each letter is substantially different and ranges from under two dollars to more than ten thousand dollars.

Nationstar opposed Plaintiff's Motion for Class Certification on the basis that the letters are actionable under the FDCPA only if the inclusion of amounts in a courtesy breakdown caused a *material* discrepancy.  The District Court's two-page order granting class certification contains substantial weaknesses.  In addition, other factors identified by this Court weigh in favor of immediate review under Rule 23(f).  *Lienhart v. Dryvit Sys.*, 255 F.3d 138, 145 (4th Cir. 2001).  In its

order granting Plaintiff's motion to certify, the District Court held that, "at this point in the case, the Court is not persuaded … that materiality applies to a § 1692g claim." (Dist. Ct. Cert. Op. "Cert. Op." at 1, attached as Ex. A). On the other hand, in granting Nationstar's Motion to Stay, the District Court observed that a finding by this Court that materiality applies would result in "likely decertification of the class." (Dist. Ct. Stay Op. "Stay Op." at 2, attached as Ex. B.) Accordingly, the issue of materiality must be decided at this point in the case – it is likely dispositive of the certification ruling, and possibly of the litigation as a whole.

Moreover, whether Section 1692g confusion claims are subject to a materiality limit is one of first impression. This Court recently joined the Ninth, Seventh and Sixth Circuits in holding that, under Section 1692e of the FDCPA, a party must show that representations are material. *Lembach v. Bierman*, 528 Fed. Appx. 297, 303 (4th Cir. 2013). However, it remains unsettled whether a materiality standard applies to claims under § 1692g that affirmative statements in a letter render the required disclosure confusing. *Lienhart*, 255 F.3d at 144 (one factor favoring review is whether the appeal will permit the resolution of an unsettled legal question of general importance). In *Lembach*, this Court implied that a materiality limit applies to ***every section*** of the FDCPA that punishes an affirmative statement. 528 Fed. Appx. at 303. Moreover, recognizing that the analysis under Section 1692g is similar to that under Sections 1692e and 1692f, the

Seventh and Tenth Circuits both have adopted a materiality standard for confusion claims under Section 1691g. Indeed, the test for confusion necessarily requires a court to determine whether the allegedly actionable statement is sufficiently material to make the disclosure ineffective.

Finally, without even addressing Nationstar's alternative argument that whether the least sophisticated consumer would be confused by the amount of the discrepancy in any particular letter is a fact-specific inquiry, the District Court went on to conclude that each requirement of Rule 23 is met because Plaintiff's claim is "identical to the other potential class members." (Cert. Op. at 2). However, this is not a case in which the substantive content of each putative class members' letter is identical. On the contrary, the discrepancies in the letters vary widely. Accordingly, it is not possible to determine on a class-wide basis that the letters would confuse the least sophisticated consumer. Instead, more than 800 mini-trials will be required, thereby making class certification improper.

## STATEMENT OF FACTS

On October 30, 2012, Nationstar sent Plaintiff the FDCPA Letter. (Compl. ¶¶12, 20). The FDCPA Letter reads in relevant part:

> Your total debt as of 10/15/12 is $202,197.64. This amount includes your outstanding Unpaid Principal Balance of $186,825.96, $9,865.74 in interest, $1,334.92 from Fees, and $40.00 from expenses paid on your behalf. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. For further information, write the undersigned or call.

3

Prior to instituting this case, the Plaintiff did not attempt to add up the components of the debt listed in the FDCPA Letter. He does not recall even reading the letter. (Kelly Dep. at 59:13-14, 59:21, 77:19-21). Nationstar's corporate representative A.J. Loll testified that the discrepancy in Plaintiff's FDCPA Letter is the amount of escrow advances, specifically real estate taxes. These advances were made on the Plaintiff's behalf by Bank of America, the prior servicer, and were outstanding at the time of the servicing transfer. (Loll Dep. at 49:13-50:1). On October 30, 2012, the same day it sent the FDCPA Letter, Nationstar sent Plaintiff an annual escrow account disclosure statement that listed the missing amount of $4,131.02, adjusted to $4,130.90.

Nationstar identified over eight hundred (800) Virginia borrowers in default during the relevant class period who received FDCPA Letters with discrepancies. As discussed during the deposition of Mr. Loll, his individual audit of several sample FDCPA Letters sent to putative class members shows that each one is different, both quantitatively and qualitatively. (Loll Dep. at 43:21-23.) Mr. Loll's letter-by-letter review revealed discrepancies that varied widely, from under $2.00 to more than $10,000.[1] Differences in the FDCPA Letters include:

- Total amount due;
- Outstanding principal balance;

---

[1] By and large, the discrepancies were caused by escrow advances not reflected in the breakdown but properly included in the total amount due or by suspense payments credited to the borrower upon servicing transfer. (Loll Dep. at 50.)

- Interest, fees, and expenses;
- The amount of the discrepancy;
- The amount of discrepancy as percentage of the total amount due; and
- The reason for the discrepancy.

The putative plaintiffs' circumstances also may differ depending on whether they received correspondence, such as the escrow account statement sent to Plaintiff.

## QUESTIONS PRESENTED

1.     Whether the District Court erred in holding that a materiality standard does not apply to Plaintiff's claim of confusion under Section 1692g(a)(1) and, based on that holding, granting Plaintiff's Motion for Class Certification.

2.     Regardless of whether a materiality limit applies, whether the District Court erred in finding that:

A.     Common issues predominate when the confusion element of each class member's claim is fact-specific and is not susceptible to generalized proof on a class-wide basis;

B.     Plaintiff meets the commonality requirement when the Court cannot determine, without an individualized review of each letter, that discrepancies ranging from under two dollars to more than ten thousand dollars are confusing to an objective least sophisticated consumer;

C.     Plaintiff is a "typical" class representative when adjudication of his claims would not advance the claims of class members whose discrepancies differ widely from the $4,131.02 discrepancy in Plaintiff's letter; and

5

D.     The class action is "superior" when over eight hundred individualized determinations will be required to resolve class members' claims.

## REASONS FOR GRANTING THE PETITION

**I.    THE DISTRICT COURT ERRED IN HOLDING THAT MATERIALITY DOES NOT APPLY TO CLAIMS OF CONFUSION UNDER SECTION 1692G(A)(1) AND, BASED ON THAT HOLDING, CERTIFYING THE CLASS.**

### A.    <u>Claims that Affirmative Statements Contained in the FDCPA Letter Rendered the Disclosure Confusing Must be Assessed Under a Materiality Standard</u>.

Section 1692g(a) of the FDCPA requires a debt collector to send the consumer a written notice containing five statements, including "the amount of the debt."  15 U.S.C. § 1692g(a)(1).  As set forth above, Plaintiff concedes that the FDCPA letter he received correctly stated the amount of his debt as of the date of the letter.  Accordingly, Plaintiff's claim is not that Nationstar *omitted* the required disclosure, but that the additional information it affirmatively provided in the courtesy breakdown was contradictory and, therefore, confusing.   Thus, the Plaintiff asks the Court to look beyond the fact that the letter accurately discloses the amount of the debt and analyze other affirmative statements (the amounts included in the breakdown) to determine whether they render the disclosure confusing to the least sophisticated consumer.   *See Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) (the notice must not be contradicted by other messages appearing in the communication).

6

1.    <u>In this Circuit, a materiality standard applies Section 1692e claims alleging affirmative misrepresentations</u>.

Plaintiff concedes, and the District Court held, that the same "least sophisticated consumer" standard applies to claims under both Section 1692g and Section 1692e.  Cert. Op., at 1; *Lembach*, 528 Fed. Appx. at 302 (applying the least sophisticated consumer standard to Section 1692e claims); *Vitullo v. Mancini*, 684 F. Supp. 2d 747 (E.D. Va. 2010) (applying the least sophisticated consumer standard to Section 1692g claims).  In *Lembach*, this Court joined the Sixth, Seventh and Ninth Circuits in holding that, to recover under Section 1692e of the FDCPA, a party must show that representations are material.  528 Fed. Appx., at 302-03 (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)).  A statement is material only if it would affect the ability of the least sophisticated consumer to make an informed decision about the debt.  *Lembach* 528 Fed. Appx., at 303.

2.    <u>This case does not involve the simple omission of a disclosure required by Section 1692g</u>.

In opposing Nationstar's materiality argument, Plaintiff relies exclusively on this Court's decision in *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 373-374 (4th Cir. 2012).  However, *Warren* does nothing to undermine the applicability of a materiality standard to claims under Section 1692g, which has been interpreted not

only to mandate certain disclosures but to make actionable other affirmative statements alleged to contradict, or overshadow, the required disclosures. Crucially, *Warren* did not involve a confusing disclosure of the required information but a complete ***omission*** of the required language. The debt collection letter at issue in *Warren* failed to include the mini-Miranda disclosure required under Section 1692e(11). The Court reasoned that the materiality standard did not apply because "Warren's allegations [did] not involve a false representation, or any affirmative representation for that matter." *Id.* at 374 (emphasis added). This Court later distinguished *Warren* in *Lembach*, explaining:

> At issue in *Warren* was a specific subsection that required a disclosure by which the collector failed to abide. Because there was no statement in Warren, there was no further implied limit of materiality. However, this Court implied that ***for every other section that punishes an affirmative statement there may be a limit of materiality***.

*Id.* at 303 (emphasis added). Thus, although not faced with the issue, this Court plainly left open the potential application of a materiality standard to confusion claims under §1692g.

3. Because Plaintiff asserts a Section 1692g confusion claim based on affirmative statements in the FDCPA Letter, a materiality standard applies.

Contrary to Plaintiff's contentions, this case does not involve a "disclosure claim" – *i.e.*, a claim that Nationstar simply failed to make the required disclosure. Instead, as set forth above, Plaintiff's claim is that additional affirmative

statements in the FDCPA letter violate § 1692g(a) because they contradict the disclosure. Accordingly, unlike *Warren*, this case involves Plaintiff's attempt to punish affirmative statements made by the debt collector. Whether an affirmative statement would confuse the least sophisticated consumer requires a determination of whether the language of the letter "unacceptably increases the level of confusion," thereby rendering the disclosure ineffective. *See Durkin v. Equifax Check Svcs., Inc.*, 406 F.3d 410, 415 (7th Cir. 2005); *Miller*, 943 F.2d at 484 (notice must be conveyed effectively to the debtor); *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09cv43, 2010 U.S. Dist. LEXIS 52010, at *12-13 (E.D.N.C. March 1, 2010) (a debt collector complies with section 1692g(a)(1) by effectively providing notice of the entire debt). That inquiry is in essence a materiality inquiry; it necessarily requires an assessment of the importance, or materiality, of the statements to the least sophisticated consumer.

Put another way, the 1692g(a) disclosure is still "effective" if the allegedly confusing language does not matter to, or does not affect, the consumer's understanding of the disclosure and hence his ability to take action with respect to the debt. Even Plaintiff argues that confusion is assessed by the "capacity of a statement to mislead the least sophisticated consumer." *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 510 (6th Cir. 2007) (under § 1692g, the critical question is whether Lamar was led to believe that she did not have thirty

9

days to dispute the validity of the debt); *c.f.*, *Miller*, 943 F.2d at 484 (the manner of providing the notice must not mislead the debtor into disregarding it). As this Court has observed, a statement cannot mislead unless it is material. *Lembach*, 528 Fed. Appx. at 302. Indeed, although not specifically named as such, courts addressing claims under Section 1692g often engage in a materiality analysis. *See, e.g.*, *Stojanovski v. Strobl & Manoogian*, P.C., 783 F. Supp. 319, 323 (E.D. Mich. 1992) (finding a *de minimis* variance in language not actionable).

4. <u>The Seventh and Tenth Circuits have adopted a materiality standard for confusion claims under Section 1692g.</u>

The Seventh Circuit expressly recognized that the analysis involved in determining whether an affirmative statement is sufficiently confusing to render a disclosure ineffective is, in essence, the same analysis courts undertake in assessing whether a representation is misleading:

> Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.

*McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758-59 (7th Cir. 2006) (citing cases applying the same fact-based inquiry under section 1692g, 1692e, and 1692f); *accord Lamar*, 503 F.3d at 512-13 (quoting *McMillan*, 455 F.3d at 759).

Likewise, the Tenth Circuit expressly has adopted a materiality standard to

10

assess Section 1692g claims, holding that "[t]he FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless." *Maynard v. Bryan W. Cannon, P.C.*, 401 Fed. Appx. 389, 397 (10th Cir. 2010) (dismissing plaintiff's Section 1692g claim for failure to disclose the amount of debt and verify it); *see also D'Avanzo v. Global Credit & Collection Corp.*, 2011 U.S. Dist. LEXIS 63823 (D. Colo. Apr. 18, 2011) (materiality applies in the context of Section 1692g and 1692e claims).  As the Tenth Circuit observed, a materiality limit is necessary to avoid the absurd results that could arise from an interpretation wherein every *de minimis* error renders a debt collector liable under the FDCPA.[2] *Maynard*, 401 Fed. Appx. at 397. Plaintiff's interpretation is unfounded given that the purpose of the FDCPA is to prevent abusive, deceptive and unfair debt collection practices. *Id.*; *see Chaudhry*, 174 F.3d at 406 (congressional intent behind § 1692g was to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts the consumer has already paid).

As set forth above, what makes the disclosure effective is providing information that enables the consumer to "determine whether he or she in fact owes the debt in question." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383,

---

[2] Even the District Court questioned whether a *de minimis* exception exists. Plaintiff's response that even one-cent discrepancy is actionable under the FDCA demonstrates the absurdity of his position.  (Hearing Transcript ["Tr."] at 7:20-24, attached as <u>Ex. C</u>).

390-91 (D. Del. 1991). Affirmative statements in a letter that do not materially impact the effectiveness of the disclosure, or in other words unacceptably increase the consumer's confusion, should not be actionable. In short, this Court should join the Seventh and Tenth Circuits in holding that a materiality limit applies to Section 1692g claims involving affirmative statements, such as the breakdown involved in this case, which are alleged to confuse the least sophisticated consumer and thereby impact his ability to make intelligent decisions with respect to his debt.

### B.      The Need to Determine the Materiality of the Various Discrepancies Involved Forecloses Certification of the Class.

Class certification is inappropriate where "materiality will involve a piecemeal and individualized assessment of the import of any given disclosure to each member of the purported subclass." *Morris v. Wachovia Sec., Inc.*, 223 F.R.D. 284, 301 (E.D. Va. 2004) (citing Advisory Committee Note on Rule 23, Proposed Amendments to the Rules of Civil Procedure (1966)). Here, the differences in the amounts of the discrepancies in class members' letters, when coupled with the settled rule that materiality is a fact-specific issue, make this case particularly unsuitable for class treatment. *Tourgeman v. Collins Fin. Servs.*, 2011 U.S. Dist. LEXIS 81070, *17 (S.D. Cal. July 26, 2011) (whether a debt collection letter contains a material misstatement is "a fact-specific issue").

Indeed, the District Court expressly recognized that, if the materiality standard applies, it will "result in likely decertification of the class." (Stay Op. at

12

2.) Thus, this Court's decision with respect to the issue of materiality under Section 1692g likely will be dispositive of class certification in this case. Nevertheless, even if this Court determines that a materiality limit does not apply to Section 1692g confusion claims, the issue of confusion remains a fact specific and individual inquiry, particularly where – as in this case – the affirmative statements alleged to cause confusion vary from letter to letter.

## II. REGARDLESS OF WHETHER MATERIALITY APPLIES, PLAINTIFF'S CLAIM IS NOT APPROPRIATE FOR CLASS CERTIFICATION.

### A. Individual Issues Predominate.

Rule 23(b)(3)'s predominance requirement is "far more demanding" that Rule 23(a)'s commonality requirement. *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997)). In order to satisfy the predominance requirement, the Plaintiff must show that questions of law or fact common to the members of the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). Certification is improper where liability determinations are both individual and fact intensive. *Stott v. Haworth*, 916 F.2d 134, 139 (4th Cir. 1990).

1. Confusion may be a question of law or fact depending on the content of a letter at issue.

The District Court concluded that common questions of fact and law predominate because "whatever factual questions there are other than what the

numbers total up to is identical to all the members." (Tr. at 34:3:5). In other words, the District Court held that, no matter how small the discrepancy, the FDCPA Letter will *always* be confusing to an objective least sophisticated consumer. This holding is contrary to the law and the plain language of the FDCPA Letters, each of which is substantively different.

Where a debt collection communication is so plainly confusing on its face that no reasonable juror could hold otherwise, a court can decide the issue of confusion as a matter of law. *United States v. National Fin. Servs.*, 98 F.3d 131, 139 (4th Cir. 1996); *Miller*, 943 F.2d at 484. On the other hand, where it is not clear that an objective least sophisticated consumer necessarily would be confused, confusion is a question of fact. *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06cv45, 2006 U.S. Dist. LEXIS 39341, *26 (E.D. Va. 2006) (concluding that whether the communication was confusing was a question of fact for the jury); *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007) (unless a letter is plainly confusing, Section 1692g claim is one of fact because "judges are not experts in the knowledge and understanding of unsophisticated consumers facing demands by debt collectors.").

The innocuous FDCPA Letters in this case are worlds apart from the threatening demands in *Miller* and *National Financial Services*. *Miller*, 943 F.2d at 483 (letter containing words "PAY US NOW" in two inch block lettering, with

validation notice on the back in light gray lettering); *National Fin. Servs.*, 98 F.3d at 139 (affirming a Section 1692g violation where the letter was nearly identical to that in *Miller*, noting that *"defendants raise[d] no issue of fact concerning the district court's determination"*).  Here, the courtesy breakdown is prefaced by the word "include," which means "to contain within or between," and followed by widely-accepted "safe harbor" language that the amount of debt may change because of interest, late charges, and other charges.  *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).  Thus, the FDCPA Letters fall within the "most common," category of an "apparent though not actual contradiction" that relegates the question of confusion to one of fact.  *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).  An objective least sophisticated consumer might be confused by a discrepancy of $20,000, but a discrepancy of less than two dollars might not be confusing.[3]

2.    The Court will be required to examine each class member's letter to determine whether it violates the FDCPA.

Even if confusion is a question of law, the Court will still be required to examine each individual class member's letter to determine whether Nationstar has violated the FDCPA in each case.  *Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc.*, 339 F.3d 1001, 1012 (8th Cir. 2003).  This is not a case, such as those

---

[3] Moreover, if an objective least sophisticated consumer has received other correspondence clarifying the discrepancy, he might not be confused at all.

cited by Plaintiff, where every letter contains an identical statement alleged to confuse the least sophisticated consumer.   For instance, in *Jancik v. Cavalry Portfolio Servs, LLC*, No. 06cv3104, 2007 U.S. Dist. LEXIS 49500 (D. Minn. July 3, 2007), every consumer received the same letter.   *Id.* at \*24.   Although the amounts differed depending on the particular loan balance involved, the identical discrepancy was at issue in every case.   That is not the case here, where the discrepancies between the amounts included in the courtesy breakdown and the total amount due vary widely depending on the particular letter – from less than \$2 to more than \$10,000.   Thus, individual questions concerning whether a putative class member's particular letter could confuse a representative least sophisticated consumer predominate over, and overwhelm, any common issues.

### B.      Plaintiff Fails to Meet the Commonality Requirement.

"'In a class action brought under Rule 23(b)(3), the 'commonality' requirement of Rule 23(a)(2) is 'subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class predominate over' other questions.'"   *Ealy v. Pinkerton Gov't Servs.*, 514 Fed. Appx. 299, 305 (4th Cir. 2013) (quoting *Lienhart*, 255 F.3d at 146 n.4).   At the same time, commonality and predominance are separate inquiries that should not be "blended."   *Walmart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2556 (2011).   However, "a court may use some of the same tools" for both inquiries, including

16

analysis of the dissimilarities between class members to determine if there are any common questions and if they predominate for purposes of Rule 23(b)(3). *Ealy*, 514 Fed. Appx. at 305.

For the reasons discussed above, the dissimilarities in class members' letters are fatal to Plaintiff's ability to meet either the predominance or the commonality requirement. As the Supreme Court observed, "[Rule 23(a)(2)] language is easy to misread, since 'a[n]y competently crafted class complaint literally raises common questions.'" *Dukes*, 131 S. Ct. at 2551 (citation omitted). Reciting common questions of law and fact is insufficient. "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* n.6. The common issue must be of such a nature that determination of its truth or falsity will determine the validity of each class member's claims and resolve "each one of the claims in one stroke." *Id*.

The District Court identified several common questions of law and fact, including whether the FDCPA Letters contained discrepancies and whether such discrepancies caused confusion sufficient to constitute a violation of Section 1692g(a)(1). (Cert. Op. at 1; Tr. at 32:8-15). What the District Court failed to do, however, is perform the second part of the commonality inquiry under *Dukes.* In other words, the District Court failed to consider whether these common questions

17

would resolve each class members' claim in one stroke.  Implicit in its ruling is the District Court's failure to recognize that, whether any particular discrepancy is sufficiently confusing to constitute a violation of Section 1692g, is an individualized inquiry that will require a mini-trial with respect to each class member's situation or, at a minimum, the Court's assessment of each class member's letter.  Resolving the issue of confusion with respect to any one class member's situation will do nothing to resolve the same question with respect to other class members because the amount of the discrepancy, as well as the percentage of the discrepancy in relation to the total debt, will vary for each one.

### C.  **Plaintiff Is Not a Typical Representative of the Class**.

Courts have recognized that the commonality and typicality requirements of Rule 23(a) tend to merge.  Accordingly, for many of the reasons discussed above, Plaintiff cannot satisfy Rule 23(a)(3)'s commonality requirement.  To satisfy the typicality requirement, a class representative must show no meaningful differences between his claims and those of the class.  *Deiter v. Microsoft Corp.*, 436 F.3d 461, 467 (4th Cir. 2006).  Conversely, typicality cannot be satisfied when a named plaintiff who proved his own claim would not necessarily have proved anybody else's claim."  *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998).

The district court erred in holding that "Kelly's claim is typical and identical to the other potential class members."  (Cert. Op. at 2.)  In Plaintiff's case, the prior

18

servicer advanced $4,131.02 to cover escrow items. This amount accurately was encompassed in the total amount disclosed but inadvertently omitted from the breakdown of the debt components. Even assuming Plaintiff could prove that the least sophisticated consumer would be confused in his particular case, he "would not necessarily have proved anybody else's claim." *Id.* The circumstances surrounding each class member's situation, such the amount of the discrepancy, the reason for the discrepancy, and any other factors that might influence the determination whether a least sophisticated consumer would be confused, cannot be ascertained without an individualized, file-by-file review. *See Jones v. Roy*, 202 F.R.D. 658, 660 (M.D. Ala. 2001), *mot. for reconsideration denied*, 2001 U.S. Dist. LEXIS 8613, *9-11 (M.D. Ala. May 16, 2001) (denying certification due to substantive differences in the content of letters giving rise to the FDCPA claims).

### D.     <u>A Class Action Is Not the Superior Method of Adjudication</u>.

In concluding that the superiority requirement is met, the District Court stated that it did not "foresee any difficulty managing this case as a class action." (Cert. Op. at 2.) However, resolution of this case as a class action will be free of manageability problems only if the district court holds, as a matter of law, that even a one-cent discrepancy in any class member's FDCPA Letter violates Section 1692g(a)(1). Short of this absurd result, the district court will have to examine each of the eight hundred letters, as well as the other circumstances present in each

19

case, to determine whether an objective least sophisticated consumer would be confused. Given the manageability problems occasioned by the need for multiple individualized determinations on liability, it cannot be said that a class action is a superior method for adjudicating class members' claims. *See, e.g., Burton v. Chrysler Group LLC*, No. 8:10-209, 2012 U.S. Dist. LEXIS 186720, *26 (D.S.C. Dec. 21, 2012) (plaintiffs failed to satisfy Rule 23(b)(3) due to class-member-specific inquiries).

## CONCLUSION

Defendant-Petitioner Nationstar Mortgage, LLC's petition satisfies the factors warranting Rule 23(f) review. The District Court's erroneous conclusion that the materiality standard does not apply to Plaintiff's Section 1692g(a)(1) claims underlies its decision to certify the class in this case. Indeed, the District Court itself recognized that, if required to assess the putative plaintiffs' claims under a materiality standard, it likely would decertify the class. The issue is one of first impression in this Court and potentially dispositive of the class certification issue in this case. Even if materiality is not at issue, the District Court's decision to certify a class where there are substantive differences in the content of the letters clearly is erroneous. In this situation, more than 800 mini trials will be required to determine whether any particular discrepancy would confuse the least sophisticated consumer. Nationstar respectfully requests that the Court grant this Petition.

Respectfully submitted, this 16th day of April, 2014.

**NATIONSTAR MORTGAGE, LLC**

By:  __/s/ John C. Lynch_____

Of Counsel

John C. Lynch
Jason E. Manning
Megan E. Burns
Counsel for Defendant Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of April, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing Petition for Permission to Appeal was sent via e-mail and first class mail to the following counsel of record:

**<u>Counsel for Plaintiff Timothy Kelly</u>**
Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
E-mail: dale@pittmanlawoffice.com

Kristi Cahoon Kelly
Andrew J. Guzzo
Kelly & Crandall, PLC
40845 University Drive, Suite 202A
Fairfax, VA 22030
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin
Casey S. Nash
Janelle M. Mikac
Consumer Litigation Associates, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com
E-mail: casey@clalegal.com
E-mail: janelle@clalegal.com

    /s/ John C. Lynch
John C. Lynch (VSB No. 39267)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

21969277v1

23